1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOSHUA EARL BECK,

          Petitioner,

   v.

MIKE EVANS,

          Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

1:05-cv-01216-LJO-TAG HC

ORDER TO SHOW CAUSE WHY THE
PETITION SHOULD NOT BE DISMISSED
FOR UNTIMELINESS

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The instant habeas petition was filed on September 27, 2005. (Doc. 1).

## DISCUSSION

A.  Preliminary Review of Petition

     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

     The Ninth Circuit, in Herbst, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner

1

1    adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-1042.

2          B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

3    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

4    (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

5    filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

6    (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

7    586 (1997).  The original petition in this case was filed on March 1, 2004 (Doc. 1), and thus, it is

8    subject to the provisions of the AEDPA.

9          The AEDPA imposes a one year period of limitation on petitioners seeking to file a

10   federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,

11   subdivision (d) reads:

12          (1)  A 1-year period of limitation shall apply to an application for a writ of
     habeas corpus by a person in custody pursuant to the judgment of a State court.
13   The limitation period shall run from the latest of –

14          (A) the date on which the judgment became final by the conclusion of
     direct review or the expiration of the time for seeking such review;
15
16          (B) the date on which the impediment to filing an application created by
     State action in violation of the Constitution or laws of the United States is
17   removed, if the applicant was prevented from filing by such State action;

18          (C) the date on which the constitutional right asserted was initially recognized
     by the Supreme Court, if the right has been newly recognized by the Supreme Court and
19   made retroactively applicable to cases on collateral review; or

20          (D) the date on which the factual predicate of the claim or claims
     presented could have been discovered through the exercise of due diligence.
21
          (2) The time during which a properly filed application for State post-
22   conviction or other collateral review with respect to the pertinent judgment or
     claim is pending shall not be counted toward any period of limitation under this
23   subsection.

24   28 U.S.C. § 2244(d).

25          In this case, the petition for review was denied by the California Supreme Court on June

26   23, 2004.  (Doc. 1, p. 2).  Thus, direct review would conclude on September 21, 2004, when the

27   ninety-day period for seeking review in the United States Supreme Court expired.  Barefoot v.

28   Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v.

1    <u>Bowersox</u>, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year from

2    September 21, 2004, or until September 21, 2005, absent applicable statutory or equitable tolling,

3    within which to file his federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).

4         The instant petition was filed on September 27, 2005, six days *after* the expiration of the

5    AEDPA's one-year statute of limitations, and therefore it would appear that, absent applicable

6    statutory or equitable tolling, the instant petition is untimely and should be dismissed.

7         Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

8    application for State post-conviction or other collateral review with respect to the pertinent

9    judgment or claim is pending shall not be counted toward" the one year limitation period.

10   28 U.S.C. § 2244(d)(2).  In this case, Petitioner indicates in his petition that he did not seek any

11   collateral review in the state courts prior to filing his federal petition for writ of habeas corpus on

12   September 27, 2004.  Therefore, Petitioner is not entitled to statutory tolling.

13        The one-year period may also be subject to equitable tolling if "extraordinary

14   circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on

15   time.  <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998), *cert. denied*, 526

16   U.S. 1060 (1997); <u>Calderon v. United States District Court for the Central District of California</u>

17   <u>(Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997)(noting that "[e]quitable tolling will not be

18   available in most cases, as extensions of time will only be granted if 'extraordinary

19   circumstances' beyond a prisoner's control make it impossible to file a petition on time").  "When

20   external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

21   claim, equitable tolling of the statute of limitations may be appropriate." <u>Lott v. Mueller</u>, 304

22   F.3d 918, 922 (9th Cir. 2002) (quoting <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999)).

23        However, it is extremely difficult for a petitioner to establish equitable tolling.  In order to

24   establish equitable tolling, a prisoner must demonstrate that "extraordinary circumstances beyond

25   [his] control" made it "impossible to file a petition on time." <u>(Beeler)</u>, 128 F.3d at 1288.  In <u>Allen</u>

26   <u>v. Lewis</u>, 255 F.3d 798, 801 (9th Cir. 2001), the Ninth Circuit concluded that the petitioner "must

27   show that the 'extraordinary circumstances' were the but-for and proximate cause of his

28   untimeliness."  Recently, the Ninth Circuit reaffirmed this rule in <u>Espinoza-Matthews v.</u>

1  California, 432 F.3d 1021, 1026 (9th Cir. 2005).  In that case, the Court pointed out that the

2  determination vis-a-vis equitable tolling is "highly fact-dependant" and that the petitioner "bears

3  the burden of showing that equitable tolling is appropriate."  Id.  Here, Petitioner has made no

4  claim of equitable tolling.

5        The only other way in which the one-year rule can be extended is via the "mailbox rule."

6  The "mailbox rule" provides that a federal habeas petitioner's petition is deemed filed on the date

7  a petitioner delivers it to prison authorities, Houston v. Lack, 487 U.S. 266 (1988).  Petitioner

8  may have handed his petition to prison authorities for filing with this Court on or before

9  September 21, 2005, thus making the petition timely.  Unfortunately, Petitioner seems unaware

10 of the AEDPA's statute of limitations and has provided no information in his petition regarding

11 when he delivered the petition to prison authorities nor has he provided any supporting

12 documentation to substantiate such a claim.

13       Thus, in the absence of statutory or equitable tolling, and without any information

14 regarding the potential applicability of the "mailbox rule," the Court is left to conclude that this

15 petition is untimely and should be summarily dismissed.

16                                            **ORDER**

17       Accordingly, Petitioner is ORDERED to SHOW CAUSE why the instant petition should

18 not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d).  Petitioner is

19 GRANTED thirty (30) days from the date of service of this order to respond.

20       Petitioner is forewarned that his failure to comply with this order may result in a

21 Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

22

23 IT IS SO ORDERED.

24 Dated:  __March 16, 2007__                    _____/s/ Theresa A. Goldner_____
    **j6eb3d**                                    UNITED STATES MAGISTRATE JUDGE
25

26

27

28