# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA EARL BECK,<br><br>        Petitioner,<br><br>  v.<br><br>MIKE EVANS,<br><br>        Respondent. | 1:05-cv-01216-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATION OF STATUTE OF LIMITATIONS (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant habeas petition was filed on September 27, 2005. (Doc. 1). On March 19, 2007, the Court issued an order to show cause why the petition should not be dismissed for violating the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). (Doc. 6). Petitioner did not respond to the order to show cause.

## **DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. Here, the Court advised Petitioner, in the order to show cause dated March 19, 2007, that the Court was considering dismissal of the petition for untimeliness. The order gave Petitioner an opportunity to respond and provide information that might affect the Court's determination regarding the petition's timeliness. However, over six months has elapsed and yet Petitioner has not responded in any way, despite being forewarned of the possibility that his petition may be dismissed.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320 (holding the AEDPA only applicable to cases filed after the statute's enactment). The original petition was filed on March 1, 2004 (Doc. 1), and thus it is governed by the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the petition for review was denied by the California Supreme Court on June 23, 2004.  (Doc. 1, p. 2).  Thus, direct review would conclude on September 21, 2004, when the ninety-day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year from September 21, 2004, or until September 21, 2005, absent applicable statutory or equitable tolling, within which to file his federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).

The instant petition was filed on September 27, 2005, six days *after* the expiration of the AEDPA's one-year statute of limitations, and therefore, absent applicable statutory or equitable tolling, the instant petition is untimely and should be dismissed.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In this case, Petitioner indicates in his petition that he did not seek any collateral review in the state courts prior to filing his federal petition for writ of habeas corpus on September 27, 2004.  Therefore, Petitioner is not entitled to statutory tolling.

The one-year period may also be subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control have made it impossible for the petition to be filed on time."  Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288-1299 (9th Cir. 1997), overruled on other grounds, Calderon v. United Sates District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), itself abrogated by Woodford v. Garceau, 538 U.S. 202 (2003).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).

However, it is extremely difficult for a petitioner to establish equitable tolling. In order to establish equitable tolling, a prisoner must demonstrate that "extraordinary circumstances beyond [his] control" made it "impossible to file a petition on time." (Beeler), 128 F.3d at 1288-1299. In Allen v. Lewis, 255 F.3d 798, 800-801 (9th Cir. 2001), the Ninth Circuit concluded that the petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness." More recently, the Ninth Circuit reaffirmed this rule in Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). In that case, the Court pointed out that the determination vis-a-vis equitable tolling is "highly fact-dependent" and that the petitioner "bears the burden of showing that equitable tolling is appropriate." Id. Here, Petitioner has made no claim of equitable tolling.

The only other way in which the one-year rule can be extended is via the "prison mailbox rule." The "prison mailbox rule" provides that a federal habeas petitioner's petition is deemed filed on the date the petitioner delivers it to prison authorities for mailing to the district court. Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001)(citation omitted). Petitioner may have handed his petition over to prison authorities for filing with this Court on or before September 21, 2005, thus making the petition timely.[1] Unfortunately, Petitioner seems unaware of the AEDPA's statute of limitations and has provided no information in his petition regarding when he delivered the petition to prison authorities nor has he provided any supporting documentation to substantiate such a claim.

Thus, in the absence of statutory or equitable tolling, and without any information regarding the potential applicability of the "mailbox rule," the Court is left to conclude that this petition is untimely and should be summarily dismissed.

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED for failure to comply with the one-year statute of limitations.

---

[1] The petition is signed by Petitioner and dated "8-24-05." (Doc. 1, p. 6). However, from this document alone, there is no way for the Court to determine whether Petitioner actually handed the petition to prison authorities on this date or at any other time prior to September 21, 2005, thus availing Petitioner of the benefits of the "mailbox rule."

4

1  These Findings and Recommendations are submitted to the United States District Judge
2  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
3  the Local Rules of Practice for the United States District Court, Eastern District of California.
4  Within twenty (20) days after being served with a copy, any party may file written objections
5  with the Court and serve a copy on all parties.  Such a document should be captioned "Objections
6  to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
7  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
8  objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to
9  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
10 specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951
11 F.2d 1153 (9th Cir. 1991).

13 IT IS SO ORDERED.
14 Dated:   **October 4, 2007**                               **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE